Jesse C. Ormond, OSB #094640
jormond@sokol-larkin.com
Grant N. Margeson, OSB #215754
gmargeson@sokol-larkin.com
SOKOL LARKIN WAGNER & STORTI LLC
4380 S Macadam Ave., Suite 530
Portland, OR  97239
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Plaintiff Renaissance Custom Homes, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| RENAISSANCE CUSTOM HOMES, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ELITE HOMES, LLC, an Oregon limited liability company;  and JOHN WARD, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Breach of Contract; Copyright Infringement; Contributory Copyright Infringement; Violation of Digital Lanham Act; Violation of Digital Millennium Copyright Act; Oregon Unlawful Trade Practices Act; Tortious Interference with Economic Relations)**<br><br>**JURY TRIAL DEMANDED** |

For its Complaint, Plaintiff Renaissance Custom Homes, LLC, alleges as follows:

## THE PARTIES

1.      Plaintiff Renaissance Custom Homes, LLC ("Renaissance") is an Oregon

limited liability company with its principal place of business in Oregon.  Locally owned

and operated, Renaissance has designed and built custom homes since 1984.

Renaissance's work is renowned and award winning; in fact, Renaissance has won fifty-

/ / /

COMPLAINT - 1



four (54) Street of Dreams awards, which includes nine (9) Best of Show awards—an impressive feat unrivaled by other builders.

2.      Defendant Elite Homes, LLC ("EHL") is an Oregon limited liability company with its principal place of business located in Oregon.  Upon information and belief, EHL registered with the Oregon Secretary of State in January 2021.  EHL purports to, among other things, design and build custom homes.

3.      Defendant John Ward ("Ward") is an individual residing in Oregon.  Ward contracted with Renaissance and—upon information and belief— later contracted with EHL to use Renaissance's design in contravention of Ward's contractual and legal obligations.

## JURISDICTION AND VENUE

4.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et. seq.*  As result, this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, § 1338(a)-(b).  This Court also has supplemental jurisdiction over state law claims pursuant to 28 US.C. § 1367(a) because the claims are related to claims for which this Court has original jurisdiction and the claims form part of the same case or controversy.

5.      Venue in this Court is proper under 28 U.S.C. § 1391(b) and § 1400(a) because the acts and omissions that gave rise to this Complaint occurred in this judicial district and this judicial district is where the defendants or their agents reside or may be found.

/ / /

/ / /

COMPLAINT - 2

SOKOL ⧅ LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

## **GENERAL ALLEGATIONS**

6.      Renaissance entered into an October 26, 2021 Custom Evaluation, Estimate & Design Agreement (the "Contract") with Ward.  Pursuant to the Contract, Renaissance prepared a custom architectural set of plans for certain property located on Uplands Drive in Lake Oswego, Oregon (the "Project").  A true and correct copy of the Contract is attached hereto as **Exhibit A**.

7.      Based on Renaissance's evaluation and analysis of the Project site, Renaissance developed a custom set of architectural plans and drawings (the "Design").  On or about January 13, 2022, Renaissance provided Ward with a portable document format ("PDF") of the Design.  Pursuant to the terms of the Contract, Renaissance retained all rights to the Design:  "[a]ll plans shall remain the property of Renaissance plan until final payment is received on the construction contract to build the home."  In addition, Renaissance "retain[ed] the exclusive right to utilize the plans, or portions thereof, on other projects."

8.      In or around June 2022, Ward requested the computer-aided design ("CAD") drawings for the Design.  In response, Renaissance reminded Ward that, because Ward decided not to enter into a Construction Agreement with Renaissance, Renaissance retained the exclusive ownership rights to its Design.  Ward then confirmed that he was proceeding with construction of the Project with a different company.

/ / /

/ / /

COMPLAINT - 3

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

9.      Upon information and belief, Ward hired EHL to perform construction of the Project.  EHL submitted design plans substantially based on the Design for the Project to the relevant government officials for review and approval (the "Stolen Plans").

10.     On or about March 17, 2023, Ward transferred the real property where the Project is located to EHL by warranty deed for a sum of $1,300,000.00.

11.     Throughout the course of 2023, Renaissance passed the vicinity of the Project and noticed that the construction appeared to be based on the Design.  As result, Renaissance requested the approved design set for the Project from the requisite government officials.  Upon receipt and review of the Stolen Plans, it was immediately apparent that the Stolen Plans are substantially the same as Renaissance's Design and appear to have been prepared by copying the Design belonging to Renaissance.  The Stolen Plans appear to have copied, among other things, the following protected and copyrighted elements of the Design:  overall design form; arrangement and composition of spaces; arrangement and composition of design elements; Project layout; floorplans; luxury design features and layout; room locations and overall design composition; elevations; dimensions; window and door locations; building corner locations; elevator system; appliance design; specific systems in connection with overall design composition; vertical, horizontal, and Hardi-panel siding locations; roof system architectural design; stair system design and specification; "ADU Apartment" / "Rec Room" design; and countless other design components and overall composition.

12.     The similarities between the Design and the Stolen Plans are made obvious in a side-by-side comparison, with the red indicating the exact dimensions from

COMPLAINT - 4



the Design and the yellow representing an exact match to the Design in the following

graphic:



| Renaissance's Design | EHL's and Ward's Stolen Plans |

13.     Given Ward's request for Renaissance's Design and the fact that the

Stolen Plans are essentially identical to the Design, Renaissance believes Ward

unlawfully provided EHL with Renaissance's Design for the Project.  With EHL's

purchase of the real property and Project, Ward—upon information and belief—

unlawfully sold the Design to EHL.

14.     In addition, a review of EHL's public website and social media postings

indicates that EHL is marketing the Design as a design it created and not a lawfully

protected Design of Renaissance.  EHL is also marketing other designs as purportedly

EHL designs when, in fact, the designs are substantially similar to

Renaissance-authored designs.

15.     In fact, EHL advertises and lists the building embodying the Design as

"exceptional proposed home designed and built by multiple Street of Dreams award-

/ / /

COMPLAINT - 5



4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

winning Elite Homes features" despite the fact that EHL knows that it did not create the Design and that its statement is inaccurate.

16.     Renaissance registered the Design with the U.S. Copyright Office. Attached hereto as **Exhibit B** is a true and correct copy of the Certificate of Registration Number VAu 1-509-483 issued by the U.S. Copyright Office with an effective date of September 12, 2023.

17.     Renaissance demanded that EHL and Ward immediately cease and desist from their continued unlawful use of Renaissance's Design. Despite Renaissance's demand, EHL and Ward declined response and continued their unlawful use of Renaissance's Design.

18.     Upon information and belief, construction of the Project continues with the Stolen Design.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against Ward)

19.     Renaissance realleges and incorporates by reference Paragraphs 1-18.

20.     Renaissance and Ward mutually agreed to enter into the Contract and the Contract is supported by adequate consideration.  The Contract is valid, binding, and enforceable.

21.     Renaissance performed all of its obligations under the Contract, including in developing and preparing the Design.

/ / /

/ / /

COMPLAINT - 6

SOKOL ☐ LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

22.     Ward breached the Contract through the unauthorized dissemination, sale, and/or use of the Design in violation of Renaissance's ownership rights in the Design.

23.     Renaissance has been harmed by Ward's breach of the Contract in an amount to be proved at trial, but currently believed to be not less than $840,000.00.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement – Against EHL and Ward)

24.     Renaissance realleges and incorporates by reference Paragraphs 1-23.

25.     Renaissance authored the Design and is the owner of the Design, which is a valid copyright.  *See* Exhibit B.

26.     The Stolen Plans for the Project are the same and/or substantially similar to the Design, including (but not limited to) in the following ways:  overall design form; arrangement and composition of spaces; arrangement and composition of design elements; Project layout; floorplans; luxury design features and layout; room locations and overall design composition; elevations; dimensions; window and door locations; building corner locations; elevator system; appliance design; specific systems in connection with overall design composition; vertical, horizontal, and Hardi-panel siding locations; roof system architectural design; stair system design and specification; "ADU Apartment" / "Rec Room" design; and countless other design components and overall composition.

/ / /

/ / /

COMPLAINT - 7

27.     The Stolen Plans copy, without permission, the Design and overall form, arrangement, and composition of spaces and elements in the Design.  In fact, the Stolen Plans are both objectively similar and subjectively similar to the Design.

28.     Ward's unauthorized sale of the Design, EHL's use of the Design in the Stolen Plans, EHL's use of the Design in public-facing materials, and EHL's structure that copies the Design each violate Renaissance's exclusive rights under 17 U.S.C. § 106.

29.     Renaissance has been harmed and damaged as a direct and proximate result of EHL's and Ward's willful infringement of Renaissance's copyrighted Design.

30.     Renaissance is entitled to its actual damages suffered as a result of EHL's and Ward's infringement and EHL's and Ward's profits that are attributable to the infringement, in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF

### (Contributory Copyright Infringement – Against EHL and Ward)

31.     Renaissance realleges and incorporates by reference Paragraphs 1-30.

32.     Renaissance authored the Design and is the owner of the Design, which is a valid copyright.  *See* Exhibit B.

33.     The Stolen Plans for the Project are the same and/or substantially similar to the Design, including (but not limited to) in the following ways:  overall design form; arrangement and composition of spaces; arrangement and composition of design elements; Project layout; floorplans; luxury design features and layout; room locations and overall design composition; elevations; dimensions; window and door locations;

COMPLAINT - 8



4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

building corner locations; elevator system; appliance design; specific systems in connection with overall design composition; vertical, horizontal, and Hardi-panel siding locations; roof system architectural design; stair system design and specification; "ADU Apartment" / "Rec Room" design; and countless other design components and overall composition.

34.     The Stolen Plans copy, without permission, the Design and overall form, arrangement, and composition of spaces and elements in the Design.  In fact, the Stolen Plans are both objectively similar and subjectively similar to the Design.

35.     Upon information and belief, Ward knowingly induced, participated in, aided, abetted, and/or profited from the infringement of Renaissance's copyright by providing and/or selling the Design to EHL.  EHL then, upon information and belief, used the Design to make the Stolen Plans.  Ward knew or should have known that he had no right to provide and/or sell the Design to EHL, given that (a) the Contract identifies Renaissance as the sole owner of the Design and (b) Ward was informed of that fact.

36.     Upon information and belief, EHL knowingly participated in, aided, abetted, and/or profited from the infringement of Renaissance's copyright by using the Design in order to make the Stolen Plans.  EHL knew or should have known that it had no right to use the Design given that (a) the Design identifies Renaissance as the sole owner of the Design and (b) the Design includes copyright information identifying Renaissance as the author of the Design.

/ / /

COMPLAINT - 9



4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

37.     Renaissance has been harmed and damaged as a direct and proximate result of Ward's and EHL's contributory infringement of Renaissance's copyrighted Design.

38.     Renaissance is entitled to its actual damages suffered as a result of Ward's and EHL's contributory infringement and Ward's and EHL's profits that are attributable to the infringement, in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Violation of the Digital Millennium Copyright Act – Against EHL)**

39.     Renaissance realleges and incorporates by reference Paragraphs 1-38.

40.     The Design was provided with attribution, credit, and/or other copyright management information identifying the author as Renaissance.

41.     Upon information and belief, EHL ignored the attribution and/or credit information identifying the author as Renaissance and created the Stolen Plans based on the Design.  The Stolen Plans include false attribution and/or credit information that misidentify EHL as the author.

42.     EHL further distributed the Design in the Stolen Plans, renderings, and/or pictures that purport to attribute the Design to EHL, and not Renaissance.

43.     EHL also markets its own designs that are substantially similar to designs authored by Renaissance.

44.     As a result of the foregoing, EHL knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided and/or distributed false copyright management information in violation of 17 USC § 1202.

COMPLAINT - 10

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

45.     Renaissance has been damaged by EHL's violations of the Digital Millennium Copyright Act and is entitled to recover its actual damages suffered, any of EHL's profits pursuant, and/or statutory damages pursuant to 17 USC § 1203, in an amount to be provided at trial.

46.     Renaissance is further entitled to injunctive relief and its attorney fees and costs under 17 USC § 1203.

## FIFTH CLAIM FOR RELIEF

### (Lanham Act – Against EHL)

47.     Renaissance realleges and incorporates by reference Paragraphs 1-46.

48.     Renaissance authored the Design and is the owner of the Design.

49.     In connection with its provision of goods and services, EHL used a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact through at least using its stamp and name in the Stolen Plans to suggest that it owns the Design and using renderings and/or pictures to advertise the Design as if EHL owns the design.

50.     EHL's false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact is likely to cause confusion, cause to mistake, and/or deceive on the origin of the Design.

51.     EHL's false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact is willful, intentional, and constitutes an exceptional case of infringement.

/ / /

COMPLAINT - 11



4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

52.    EHL's false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact have caused harm to Renaissance in an amount to be proved at trial.

53.    Due to the exceptional nature of this case, Renaissance is further entitled to attorney fees, costs, and up to treble damages under 17 USC § 1117.

## SIXTH CLAIM FOR RELIEF

### (Oregon Unlawful Trade Practices Act – Against EHL)

54.    Renaissance realleges and incorporates by reference Paragraphs 1-53.

55.    EHL's use of the Stolen Plans, submission of the Stolen Plans for approval, dissemination of Renaissance's Design embodied in the Stolen Plans, and/or misstatement of fact that EHL created the Design constitute unfair trade practices prohibited by ORS 646.608, including at least ORS 646.608 subsections (1)(a), (1)(b), and (1)(u).

56.    Renaissance has lost an ascertainable sum of money as a result of EHL's willful use and/or employment of unfair trade practices and, thus, is entitled to its actual damages in an amount to be proved at trial under ORS 646.638.

57.    Renaissance is further entitled to its reasonable attorney fees and costs under ORS 646.638.

## SEVENTH CLAIM FOR RELIEF

### (Tortious Interference with Economic Relations – Against EHL)

58.    Renaissance realleges and incorporates by reference Paragraphs 1-57.

/ / /

COMPLAINT - 12



4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

59.     Ward had a Contract with Renaissance that precluded use of the Design unless Renaissance was hired for construction.

60.     Renaissance authored the Design, owns the Design, and had a prospective economic advantage with respect to using the Design to build a custom home.

61.     EHL intentionally interfered with contractual obligations owed to Renaissance and intentionally interfered with Renaissance's prospective economic advantage through improper means and for an improper purpose, including but not limited to copying the Design in the Stolen Plans and falsely advertising the Design as owned by EHL.

62.     EHL's intentional interference caused damages to Renaissance in the form of lost business and lost profits, in an amount to be proved at trial.

## **DEMAND FOR JURY TRIAL**

63.     Renaissance demands a jury trial on all issues so triable.

*****

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Renaissance against Defendant Ward and Defendant EHL as follows:

A.  On the First Claim for Relief, for judgment against Ward in an amount to be proven at trial, but no less than $840,000.00;

B.  On the Second Claim for Relief, for judgment against Ward and EHL in an amount to be proven at trial;

/ / /

COMPLAINT - 13



C.  On the Third Claim for Relief, for judgment against Ward in an amount to be proven at trial;

D.  On the Fourth Claim for Relief, for judgment against EHL in an amount to be proven at trial and for Renaissance's reasonable attorney fees, costs, and disbursements;

E.  On the Fifth Claim for Relief, for judgment against EHL in an amount to be proven at trial, up to treble damages, and for Renaissance's reasonable attorney fees, costs, and disbursements;

F.  On the Sixth Claim for Relief, for judgment against EHL in an amount to be proven at trial and for Renaissance's reasonable attorney fees, costs, and disbursements;

G.  On the Seventh Claim for Relief, for judgment against EHL in an amount to be proven at trial;

H.  For a permanent injunction enjoining Ward and EHL from infringing Renaissance's lawful copyright, including but not limited to the immediate cease and desist of using the Design by EHL in advertising;

I.  For pre- and post-judgment interest at the highest allowable rate; and

J.  For such other relief as the Court deems equitable, just, and proper.

DATED this 22nd day of November, 2023.

SOKOL LARKIN WAGNER & STORTI LLC

By: */s/ Jesse C. Ormond*
    Jesse C. Ormond, OSB #094640
    jormond@sokol-larkin.com
    Grant N. Margeson, OSB #215754
    gmargeson@sokol-larkin.com
    *Attorneys for Plaintiff Renaissance*
    *Custom Homes, LLC*

COMPLAINT - 14

SOKOL ⌂ LARKIN