IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RENAISSANCE CUSTOM HOMES, LLC**, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**ELITE HOMES, LLC**, an Oregon limited liability company; and **JOHN WARD**,<br><br>Defendants. | Case No. 3:23-cv-01733-IM<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

Grant N. Margeson, Jesse Cole Ormond, and Mandi L. Summers, Sokol Larkin Wagner & Storti LLC, 4380 S. Macadam Ave., Suite 530, Portland, OR 97239. Attorneys for Plaintiff.

Elizabeth K. Rhode Motley, Gillaspy & Rhode PLLC, 821 Kirkland Av., Suite 200, Kirkland, WA 98033; Claire Whittal, Gillaspy Rhode Faddis & Benn LLC, 4380 S. Macadam Ave., Suite 590, Portland, OR 97239. Attorneys for Defendant Elite Homes, LLC.

Paul H. Trinchero and Eryn K. Hoerster, Foster Garvey P.C., 121 SW Morrison St., 11th Floor, Portland, OR 97204. Attorneys for Defendant John Ward.

**IMMERGUT, District Judge.**

      Before this Court is Plaintiff Renaissance Custom Homes, LLC's Motion for Leave to

Amend Complaint ("Mot."), ECF 27. Plaintiff seeks to add three new named defendants to this

PAGE 1 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

case, Sean Foushee, Jeff Jetton, and Elite Development PNW, LLC.[1] *See* Redlined Proposed Amendment ("Amdt."), ECF 27-1. While Defendant John Ward does not object to Plaintiff's Motion, Defendant Elite Homes, LLC does. Mot., ECF 27 at 2 n.1; Elite Homes' Response in Opposition ("Opp."), ECF 29. Elite Homes objects that any amendment adding Foushee and Jetton would be futile because, in its view, Plaintiff cannot state claims for Copyright Infringement and Tortious Interference with Economic Relations against the two.[2]

For the reasons below, this Court GRANTS Plaintiff's Motion. Adding Foushee and Jetton to the Complaint would not be futile.

## LEGAL STANDARDS

After the time has elapsed for amendment as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(1)–(2). The court "should freely give leave when justice so requires," *id.* 15(a)(1), and apply Rule 15's "policy of favoring amendments to pleadings . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (citation and internal quotation marks omitted). Even so, the court may deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation, brackets, and internal quotation marks omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845

---

[1] Plaintiff also seeks to add unnamed John Does as defendants.

[2] Defendant Elite Homes does not object to the proposed addition of Elite Development PNW, LLC as a defendant. Opp., ECF 29 at 1 n.1.

(9th Cir. 1995). The standard for futility "is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, although viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Zakarneh v. U.S. Citizenship & Immigr. Servs.*, Case No. 3:22-cv-1812-SI, 2023 WL 7015441, at *1 (D. Or. Oct. 25, 2023) (citations and internal quotation marks omitted).

## DISCUSSION

Elite Homes contends that adding Jetton and Foushee to this case would be futile for two reasons. First, the proposed Copyright Infringement claim against Jetton and Foushee, Elite Homes says, is "merely derivative of the conduct attributed to Elite Homes and Elite Development." Opp., ECF 29 at 2. Second, according to Elite Homes, Plaintiff's proposed Tortious Interference claim against Jetton and Foushee is "preempted by the Copyright Act." *Id.* at 3. This Court is not persuaded by either argument, and thus grants Plaintiff's Motion for Leave to Amend.

*First*, Plaintiff's proposed amendment sufficiently alleges a claim of Copyright Infringement against Jetton and Foushee. A "corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996). Applying this principle to violations of the Copyright Act, district courts in the Ninth Circuit have instructed that "[w]here a corporation or similar entity is the alleged [copyright] infringer, the plaintiff may also hold individual 'corporate officers, shareholders, and employees personally liable for the corporation's infringements' by showing that such individuals 'are a "moving, active conscious force behind the corporation's infringement," regardless of whether they are aware that their acts

PAGE 3 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

will result in infringement.'" *Urban Accessories, Inc. v. Iron Age Design & Import, LLC*, No. C14–1529JLR, 2015 WL 1510027, at *4 (W.D. Wash. Apr. 1, 2015) (ellipsis omitted) (quoting *Carson v. Verismart Software*, No. C 11–03766 LB, 2012 WL 1038662, at *5 (N.D. Cal. Mar.27, 2012)).

Under this rubric, Plaintiff's proposed amendments sufficiently plead a claim against Jetton and Foushee for Copyright Infringement as executives and agents of Elite Homes and Elite Development. *See* Amdt., ECF 27-1. Plaintiff alleges that Jetton and Foushee were members of Elite Development PNW LLC and that Foushee was also the "sole member" of Elite Homes "at all relevant times." *Id.* ¶¶ 3–6. As alleged, it was at Jetton and Foushee's direction that Elite Homes and Elite Development agreed to build Plaintiff's designs (and thus infringe Plaintiff's copyright) for Defendant Ward, and Jetton and Foushee signed the very document authorizing this transaction. *Id.* ¶ 15. Further, according to Plaintiff, Jetton allegedly passed on Plaintiff's designs to Foushee, Elite Homes, and Elite Development. *Id.* ¶ 13. Additionally, Jetton and Foushee allegedly run Elite Homes' and Elite Development's marketing and website content, which have been advertising allegedly infringing designs. *Id.* ¶ 25. And Jetton was also allegedly involved in another related financial transaction with Defendant Ward. *Id.* ¶ 23. These specific allegations are in addition to more general allegations that Jetton and Foushee, as members and not mere employees of Elite Homes and Elite Development, "directed" the companies to perform certain actions. *Id.* ¶¶ 14, 15, 18, 22, 35. Accordingly, Plaintiff's proposed amendments sufficiently plead a claim for Copyright Infringement against Jetton and Foushee.

*Second*, Plaintiff's proposed Tortious Interference claim against Jetton and Foushee is not preempted by the Copyright Act. The Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C.

§ 301(a). The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display. *Id.* § 106(1)–(3), (5). To determine whether a state law tort claim is preempted by the Copyright Act, courts ask two questions: (1) is the subject matter of the state-law claim covered by the express provisions of the Act as set forth in §§ 102 and 103; and (2) are the rights asserted under state law equivalent to the exclusive rights of copyright owners set forth in § 106? *See Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006). At the second step, "[i]f a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005).

Tortious Interference of Economic Relations under Oregon law does not satisfy this second step, and it therefore falls outside the scope of the Copyright Act's preemption provision. To state a claim for Intentional Interference with Economic Relations under Oregon law, a plaintiff must allege each of the following elements:

> (1) the existence of a professional or business relationship (which could include, *e.g.,* a contract or a prospective economic advantage),
>
> (2) intentional interference with that relationship,
>
> (3) by a third party,
>
> (4) accomplished through improper means or for an improper purpose,
>
> (5) a causal effect between the interference and damage to the economic relationship, and
>
> (6) damages.

*McGanty v. Staudenraus*, 321 Or. 532, 535 (1995) (en banc) (paragraph breaks added). A court in this District has already held that Tortious Interference under Oregon law is not preempted by

PAGE 5 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

the Copyright Act. *Kesey, LLC v. Francis*, CV. 06-540-AC, 2009 WL 10693885, at *30 (D. Or. Aug. 17, 2009), *aff'd*, 433 F. App'x 565 (9th Cir. 2011).[3] As that court explained, "the claim of tortious interference [under Oregon law] includes the extra elements of an imminent or existing relationship which would financially benefit the copyright holder, interference with such rights by a third party, and the existence of improper means or purpose beyond the interference itself"—"elements [that] are not present in a claim for infringement under the [Copyright] Act, which requires a plaintiff to show only ownership and the improper use of the copyrighted material as defined under § 106." *Id.* This Court finds this reasoning persuasive.

Ninth Circuit precedent reinforces this conclusion. The Ninth Circuit has held that the similar causes of action for tortious interference under California and Arizona law are not preempted by the Copyright Act. *See Altera Corp.*, 424 F.3d at 1089–90 (California law); *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 957 (9th Cir. 2010) (Arizona law). In reaching this conclusion, the Ninth Circuit reasoned that "because contractual rights are not equivalent to the exclusive rights of copyright, the Copyright Act's preemption clause usually does not affect private contracts" and their enforcement through state law tort claims. *MDY Indus.*, 629 F.3d at 957 (collecting cases). Here, what is at issue is contractual rights: Plaintiff seeks to allege that Jetton and Foushee "individually and/or together in concert, intentionally interfered with *contractual* obligations owed to Renaissance." Amdt., ECF 27-1 ¶ 66 (emphasis added). In sum, Plaintiff may plead Tortious Interference against Jetton and Foushee without running afoul of the Copyright Act.

---

[3] This Findings and Recommendation was adopted in full by United States District Judge Garr King on November 2, 2009, at ECF 111 of the docket located at 3:06-cv-00540-AC.

PAGE 6 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

\* \* \*

For all of the reasons above, Plaintiff's proposed amendments to its Complaint would not be futile.

## CONCLUSION

Plaintiff's Motion for Leave to Amend Complaint, ECF 27, is GRANTED.

**IT IS SO ORDERED.**

DATED this 22nd day of July, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge